IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CEDRIC PERNELL CURRY                                     PLAINTIFF

v.                      Civil No. 1:17-cv-1048

JAIL ADMINISTRATOR GREG,
HAWLEY, Columbia County Detention
Facility (CCDF); DR. DARRELL ELKIN,
Physician for CCDF; DOUG WOODS, Chief
Deputy, CCDF; and SHERIFF MIKE LOE,
Columbia County, Arkansas                                  DEFENDANTS

**ORDER**

Before the Court is Cedric Pernell Curry's failure to obey orders of the Court. On July 21, 2017, Plaintiff filed this 42 U.S.C. § 1983 action *pro se*. (ECF No. 1). On February 12, 2018, Defendants filed a Motion for Summary Judgment. (ECF No. 14). On February 13, 2018, the Court entered an order directing Plaintiff to file a Response to Defendants' motion on or before March 6, 2018. (ECF No. 17). That same day, the Court entered an order directing Plaintiff to complete and submit an updated *in forma pauperis* application to reflect his free world financial status by March 6, 2018.[1] (ECF No. 18). Plaintiff was advised in each of these orders that failure to respond within the required period of time may result in the dismissal of his case. To date, Plaintiff has not responded to either of the Court's orders or filed a Response to Defendants' Motion for Summary Judgment.[2]

---

[1] Plaintiff had previously indicated in a notice of address change that he was no longer incarcerated. (ECF No. 9).

[2] Neither of the Court's orders have been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in relevant part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order" *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to comply with two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 13th day of March, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge